**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

LARRY LEE COOPER, JR.                                                PLAINTIFF

v.                                    4:18CV00007-BSM-JTK

T. COLLINS                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      Introduction**

Plaintiff Larry Cooper is an inmate confined at the Faulkner County Detention Center (Jail), who filed this pro se 42 U.S.C. § 1983 action alleging inadequate medical care and racial discrimination (Doc. No. 2).   By Order dated January 9, 2018, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. (Doc. No. 4) However, finding the complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court provided Plaintiff

the opportunity to amend his complaint within thirty days. (Id., p. 3) As of this date,

Plaintiff has not filed an Amended Complaint.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for

failure to state a claim upon which relief may be granted.

## II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C.

§ 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which

relief may be granted; or (c) seek monetary relief from a defendant who is immune from

such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke

v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or

is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See

Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim

upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint

the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The

Court must also weigh all factual allegations in favor of the plaintiff, unless the facts

alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.    A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.    Twombly, 550 U.S. at 556-7.    The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.    Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."    Id.

## III.    Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.    Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleged in his Complaint that he "fell out" on October 24, 2017, and that Defendant Collins looked at him and walked away without taking his vital signs or calling the nurse. (Doc. No. 2, p. 4) He also stated that he complained to Defendant Huffman about Defendant Collins' racial prejudice. (Id.)

Plaintiff is incarcerated at the Jail as a pretrial detainee; therefore, the due process

standard of the Fourteenth Amendment applies to determine the constitutionality of his

conditions of confinement.   Bell v. Wolfish, 441 U.S. 520, 535 (1976).   In the Eighth

Circuit, however, the standards applied to such claims are the same as those applied to

Eighth Amendment claims.   Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir.

1994).   Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff

must allege that Defendants were deliberately indifferent, that is, that they knew of, and

yet disregarded, an excessive risk of harm to plaintiff's health and safety. Farmer v.

Brennan, 511 U.S. 825, 827 (1994).   However, even negligence in diagnosing or treating

a medical condition does not constitute a claim of deliberate indifference.   Estelle v.

Gamble, 429 U.S. 97, 105-06 (1976).   Rather, the "prisoner must show more than

negligence, more even than gross negligence, and mere disagreement with treatment

decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v.

Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Plaintiff's allegation that Defendant Collins walked away after he "fell out," is

insufficient to support a claim that Defendant acted with deliberate indifference to a serious

medical need. In addition, his vague allegation that she was prejudiced against him, without

more, is insufficient to support a claim for racial discrimination. While the Fourteenth

Amendment's protection requires the government "to treat similarly situated people alike,"

and extends to prison inmates, Plaintiff does not allege that he was treated different from

others similarly situated to him. See City of Cleburne v. Cleburne Living Ctr., Inc., 473

U.S. 432, 439 (1985), and <u>Turner v. Safley</u>, 482 U.S. 78, 84 (1987). <u>See</u> <u>also</u> <u>Rouse v.</u>

<u>Benson</u>, 193 F.3d 936 (8th Cir. 1999).

In the Court's Jamuary 9. 2018 Order, Plaintiff was instructed to "**1) name all the**

**parties he believes deprived him of his constitutional rights and whom he wishes to**

**sue in this action; 2) provide specific facts against each named Defendant in a simple,**

**concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her**

**individual or official capacity, or in both capacities; 4) state how he was harmed; and**

**5) state whether he was incarcerated as a pretrial detainee.   Plaintiff must set forth**

**specific facts concerning the allegations he has set forth including, where applicable,**

**dates, times and places."**   However, since he did not comply with the Order and did not

submit an Amended Complaint, the Court finds that his Complaint should be dismissed,

for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.       Plaintiff's Complaint against Defendants be DISMISSED without prejudice,

for failure to state a claim upon which relief may be granted.

2.       Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1]The statute provides that a prisoner may not file an <u>in</u> <u>forma</u> <u>pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the

3.      The Court certify that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from an Order and

Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. §

1915(a)(3).

IT IS SO RECOMMENDED this 12th day of February, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

prisoner is under imminent danger of serious physical injury.